IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS TARON EDWARDS,
Inmate #102348,
    Plaintiff,

vs.                                                 Case No.: 3:15cv116/LAC/EMT

KENNETH L. TUCKER, et al.,
    Defendants.
_____

## ORDER, REPORT AND RECOMMENDATION

        Plaintiff, an inmate in the Florida Department of Corrections housed at Florida State Prison and proceeding pro se, initiated this action on March 18, 2015, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1). Also pending is Plaintiff's Motion for Leave to Proceed in Forma Pauperis (doc. 2) and Motion for Temporary Restraining Order or Preliminary Injunction (doc. 3).

        Pursuant to 28 U.S.C.A. § 1915(e)(2)(B), the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See also* 28 U.S.C.A. § 1915A. A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light

most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1022 (11th Cir. 2001); *see also* Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

Upon review of the complaint, this court concludes that dismissal of this action is warranted. Plaintiff, a prisoner in the Florida correctional system, claims that the life sentence he was serving was mitigated to a term of years and that, together with gain time he has earned within the correctional system (but apparently has not been awarded), he is now entitled to release from prison (*see* doc. 1). However, because prison or other state authorities have improperly calculated his sentence and/or gain time, he remains incarcerated. Plaintiff therefore sues numerous administrative officials in the Florida Department of Corrections as well as corrections officials at Santa Rosa Correctional Facility where he apparently was incarcerated before his transfer to Florida State Prison where he currently resides. Plaintiff asserts claims of cruel and unusual punishment and violation of his rights to due process, and as relief he seeks compensatory and punitive damages, declaratory relief that his rights were violated, and injunctive relief to bring about his immediate release (*id*.).

To be successful in this action, Plaintiff will need to prove that the calculation of his sentence has been erroneous or that prison officials have impeded his gain time credits from being applied correctly. For this reason, the complaint runs headlong into the holding in Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and its progeny, which provide that a prisoner in state custody cannot use a Section 1983 action in order to challenge "the fact or duration of his confinement." *See also* Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Edwards v. Balisok, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). Instead, a writ of habeas corpus is the designated avenue for relief.

As provided in Preiser, the sole remedy in federal court for a prisoner seeking to restore good-time credits or to otherwise shorten the execution of his sentence is through a writ of habeas corpus. *See* Preiser, 411 U.S. at 500, 93 S. Ct. at 1841; *see also* Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963 (1974). By extension of this principle, the Supreme Court held in Heck that in order to pursue a civil rights action for damages based on an unlawful or invalid conviction or sentence, the litigant must first prove, through habeas corpus, that the conviction or sentence has been overturned. *See* Heck, 512 U.S. at 486–87, 114 S. Ct. at 2372. If the civil rights action is brought prior to the invalidation of the challenged conviction or sentence, the action must be dismissed as premature. *Id.* at 487, 114 S. Ct. at 2372; *see also* Balisok, 520 U.S. at 643–49, 117 S. Ct. at 1586–89 (holding that Heck applies to claims for relief that necessarily imply the invalidity of disciplinary determinations

affecting the duration of time to be served, even if the prisoner does not explicitly seek to shorten his sentence).

Because Plaintiff's claims, to be successful, would necessarily result in the lessening of his sentence, the complaint is barred by Heck and should be dismissed without prejudice to allow Plaintiff the opportunity to seek relief through habeas corpus.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion for Leave to Proceed in forma pauperis (doc. 2) is **GRANTED** for the limited purpose of this Report and Recommendation.

And it is respectfully **RECOMMENDED** that:

1. The complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (doc. 3), and any other pending motions, be **DENIED** as moot.

**DONE AND ORDERED** this 6th day of April 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).